# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 16-1116-JTM-KGG |
| DEFENDANT No. 1: REAL PROPERTY KNOWN AS 6544 SNI-A-BAR ROAD, KANSAS CITY, MISSOURI, | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER ON
## MOTION FOR APPOINTMENT OF COUNSEL and
## MOTION TO EXTEND ANSWER DEADLINE

The matter before the Court results from a Complaint to forfeit and condemn a particular piece of property (hereinafter "subject property") filed by the United States. (*See* Doc. 1.) Currently pending before the Court are Claimant's Motion for Appointment of Counsel (Doc. 16) and Motion for Extension of Time to File an Answer (Doc. 17). Having reviewed Claimant's motions and the relevant filings in this case, the Court **GRANTS** both motions.

Plaintiff United States has not responded to either of Rowlette's motions and the time to do so has expired pursuant to D. Kan. Rule 6.1(d)(1). Thus, the various factual contentions stated therein are uncontroverted for the purposes of this Order.

Further, the motions are uncontested pursuant to D. Kan. Rule 7.4.  Even so, the Court will decide the motions on the substantive merits.

The subject property is owned by Stephen Rowlette, who is currently an inmate at a federal penitentiary in Pekin, Illinois.  Rowlette states that the property at issue is his "home and primary residence."  (Doc. 16, at 2, 3.)

The United States alleges that the property at issue "is subject to forfeiture pursuant to 18 U.S.C. § 981 (a)(1)(A) because it is property involved in a transaction in violation of 18 U.S.C. § 1957." (*Id.*, at 1.)  The United States also alleges that the property is "subject to forfeiture pursuant to 21 U.S.C. S 881(a)(6) because it constitutes proceeds traceable, directly or indirectly, to violations of 21 U.S.C. §§ 841 and 846." (*Id.*, at 1.)  These federal statutes relate to property "constituting, or derived from, proceeds obtained from a criminal offense," in this case the sale of illegal drugs and/or the conspiracy to do so.  18 U.S.C. § 1957, 21 U.S.C. §§ 841 and 846.

Rowlette argues that he is guaranteed a right to counsel by federal statute.  Pursuant to 18 U.S.C. 983(b).  Subsection 2(A) of that statute states that

> [i]f a person with standing to contest the forfeiture of property in a judicial civil forfeiture proceeding under a civil forfeiture statute is financially unable to obtain representation by counsel, and the property subject to forfeiture is real property that is being used by the person as a primary residence, the court, at the request of the

2

> person, shall insure that the person is represented by an attorney for the Legal Services Corporation with respect to the claim.

Rowlette argues that if the property at issue does not qualify as his primary residence, he is still guaranteed counsel by subsection (1)(A) of the statute, which states

> [i]f a person with standing to contest the forfeiture of property in a judicial civil forfeiture proceeding under a civil forfeiture statute is financially unable to obtain representation by counsel, and the person is represented by counsel appointed under section 3006A of this title in connection with a related criminal case, the court may authorize counsel to represent that person with respect to the claim.

Rowlette states that "while [he] is not currently represented by Court appointed counsel, he was previously represented by an attorney under the [provisions] of the Criminal Justice Act, 18 U.S.C. §3006A" for the underlying criminal charges for which he is incarcerated and to which the forfeiture proceedings relate. (Doc. 16, at 3.) Given his incarceration, lack of income, and being subject to a multi-million dollar forfeiture order in the underlying criminal case, the Court is satisfied that he is "financially unable to obtain representation by counsel."

Plaintiff has not responded to Rowlette's motion and the time to do so has expired pursuant to D. Kan. Rule 6.1(d)(1). Thus, the various factual contentions stated therein to be uncontroverted for the purposes of this motion. Further, the

motion is uncontested pursuant to D. Kan. Rule 7.4.

The Court finds that Rowlette is guaranteed counsel pursuant to 18 U.S.C. § 18 U.S.C. 983(b)(1)(A) and/or (b)(2)(A).  Assuming for the sake of this motion that the property at issue is Plaintiff's primary residence, he qualifies for the appointment of counsel pursuant to 18 U.S.C. 983(b)(2)(A).  He also qualifies for counsel in this proceeding pursuant to 18 U.S.C. 983(b)(1)(A) because of his financial need.  The Court, therefore, **GRANTS** the motion (Doc. 16) on substantive grounds.  The Court hereby appoints

> **Rachelle Lynn (S. Ct. No. 24872)**
> **Kansas Legal Services**
> **340 S Broadway, 2nd Floor**
> **Wichita, Kansas, 67202**
>
> **Telephone: 316/265-9681**

to represent Plaintiff in this action.

The Court also finds good cause to **GRANT** Claimant's motion to extend the Answer deadline (Doc. 17).  Because the Court is appointing counsel, the parties would be better served by having counsel draft the Answer.  As such, the deadline to file an Answer or otherwise plead is extended until **August 28, 2017**.

**IT IS THEREFORE ORDERED** that Claimant's motion for appointment of counsel (Doc. 16) is **GRANTED**.

**IT IS FURTHER ORDERED** that Claimant's motion to extend the Answer deadline (Doc. 17) is **GRANTED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 27th day of July, 2017.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge
