# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                              Case No.  16-1116-JWB

6544 SNI-A-BAR-ROAD,
KANSAS CITY, MISSOURI, et al.,

        Defendants.

## MEMORANDUM AND ORDER

This case comes before the court on Claimant Stephen Rowlette's motion to dismiss and for return of property as to Defendants 2 through 8 (Doc. 39).  The motion has been fully briefed and is ripe for decision.[1]  (Docs. 40, 41.)  Rowlette's motion is DENIED for the reasons stated herein.

### I.      Facts and Procedural History

On April 28, 2016, Plaintiff filed this action seeking forfeiture of the real property located at 6544 Sni-a-Bar Road in Kansas City, Missouri, on the basis that the property was involved in a money laundering transaction and constitutes proceeds traceable to violations of 21 U.S.C. §§ 841 and 846.  (Doc. 1.)  Prior to this action being filed, Rowlette was charged with conspiracy to distribute and possession with intent to distribute methamphetamine in Case No. 13-20125.[2]  Rowlette filed a motion for return of property in the criminal action on September 22, 2016, which included the personal property later named as Defendants 2 through 7 in this case.  (*See* Case No. 13-20125, Doc. 493.)  Judge Robinson denied Rowlette's motion. (*See* Case

---

[1] Rowlette has not filed a reply brief and the time for doing so has now passed.
[2] Rowlette was sentenced to 360 months in the criminal matter.  (*See* Case No. 13-20125, Doc. 482.)

No. 13-20125, Doc. 501.)  Rowlette then filed a claim in this action on December 23, 2016, seeking the return of the real property and Defendants 2 through 7.[3]  (Doc. 6.)[4]  Rowlette filed a motion to appoint counsel, which was granted.  (Doc. 16.)  Rowlettte then received an extension of time to file an answer.

Prior to the filing of an answer by Rowlette, Plaintiff filed an amended complaint on September 12, 2017.  (Doc. 19.)  The amended complaint added Defendants 2 through 8 to this action, which constituted personal property that had been seized by the government between April 2016 and March 2017.  (Doc. 19 at 2-3.)  Rowlette sought and received extensions to file an answer to the amended complaint.  Rowlette filed an answer on March 22, 2018.  (Doc. 28.)

Rowlettte now moves to dismiss Defendants 2 through 8 and an order returning the personal property to Rowlette on the basis that Plaintiff has failed to comply with the statutory requirements under the Civil Asset Forfeiture Reform Act ("CAFRA").

## II.    Analysis

Rowlette moves to dismiss on the basis that Plaintiff failed to timely file its complaint regarding the personal property under CAFRA.  Rowlette essentially argues that because he filed a claim on December 23, 2016, pertaining to the personal property, Plaintiff was required to file a complaint naming Defendants 2 through 8 within 90 days.[5]  Because Plaintiff did not amend its complaint to include the personal property for several months, Rowlette contends that Plaintiff is barred from foreclosing on the property and it must be returned to him.

---

[3] Although Rowlette made a claim that included the real property and, specifically, Defendants 2 through 7 in the amended complaint, the only Defendant in this action in December 2016 was the real property.  (Docs. 1, 19.)
[4] In the criminal action, Rowlette filed a second motion for return of property on December 12, 2016.  (Doc. 506.) That motion remains pending, along with a motion to vacate under 28 U.S.C. § 2255.
[5] Rowlette does not explain how Defendant 8, which was not included in his prior claim, would be subject to dismissal under CAFRA.  As the court has determined section 983(a) is inapplicable, this issue does not need to be addressed.

Pursuant to 18 U.S.C. § 983(a)(2)(A), "[a]ny person claiming property seized in a nonjudicial forfeiture proceeding under a civil forfeiture statute may file a claim with the appropriate official after the seizure."  After such a claim is filed, the statute states as follows:

> (A) Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture ... or return the property pending the filing of a complaint, except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties.

> (B) If the Government does not ... file a complaint for forfeiture or return the property, in accordance with subparagraph (A) ... the Government shall promptly release the property pursuant to regulations promulgated by the Attorney General, and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense.

18 U.S.C. § 983(a)(3).

The government argues that section 983(a)(3) was not triggered by Rowlette's December claim (or his claim made in the criminal proceeding) because this is a judicial action and the personal property was not seized in a "nonjudicial forfeiture proceeding."  The plain statutory language supports the government's position.  Under section 983(a)(2), "claim" has a specific meaning.  It is a claim for property that was seized in a "*nonjudicial forfeiture proceeding under a civil forfeiture statute*."  18 U.S.C. § 983(a)(2) (emphasis supplied).  Section 983(a)(3) then provides that if such a claim is made, the government must file a complaint in a judicial proceeding.

Rowlette's motion does not contend that Defendants 2 through 8 were seized in a nonjudicial forfeiture proceeding.  It is also clear from the record that Defendants 2 through 8 were not parties to a nonjudicial forfeiture proceeding.  Rather, the items were seized or delivered to the government in connection with Rowlette's criminal case and a related criminal case.  (*See* Case No. 13-20125, Doc. 501.)

Section 983(a) is only applicable to property seized in nonjudicial forfeiture proceedings.

*See Langbord v. United States Dep't of Treasury*, 832 F.3d 170, 182 (3d Cir. 2016), *cert. denied sub nom. Langbord v. Dep't of Treasury*, 137 S. Ct. 1578, 197 L. Ed. 2d 704 (2017) (citing cases). The Third Circuit reasoned as follows:

> Although subsection (a)(2)(A) of § 983 allows a seized asset claim to be filed "after the seizure," it also requires that the claim be directed to "property seized in a nonjudicial civil forfeiture proceeding." *Id.* (emphasis added). This language presupposes that a nonjudicial forfeiture is pending before a proper seized asset claim can be filed. *See also In re Funds on Deposit*, 919 F.Supp.2d 169, 172–77 (D. Mass. 2012); *Chaim v. United States*, 692 F.Supp.2d 461, 465–66 (D.N.J. 2010); *United States v. 1866.75 Board Feet of Dipteryx Panamensis*, 587 F.Supp.2d 740, 751 (E.D. Va. 2008). A contrary interpretation would render the emphasized statutory text "mere surplusage, a result we try to avoid," *Direct Mktg. Ass'n v. Brohl*, ⸺ U.S. ⸺, 135 S.Ct. 1124, 1132, 191 L.Ed.2d 97 (2015*); see also, e.g., Disabled in Action of Pa. v. Se. Pa. Transp. Auth.*, 539 F.3d 199, 210 (3d Cir. 2015) ("We assume ... that every word in a statute has meaning and avoid interpreting one part of a statute in a manner that renders another part superfluous."). Given that property must be seized in a nonjudicial forfeiture proceeding before a seized asset claim triggers the Government's ninety-day period to respond, for the Langbords' argument to succeed, they would have to show that the Mint's retention of the coins initiated a nonjudicial forfeiture.

*Langbord*, 832 F.3d at 181–82.

The Third Circuit went on to decide that the retention of the coins by the government was not a nonjudicial forfeiture. Rowlette makes no attempt to argue that the seizure of the property was a nonjudicial forfeiture. It is unlikely that Rowlette could do so given that the property was seized in connection with his criminal charges and other criminal activity and no administrative proceedings were commenced. (*See* Case No. 13-20125, Doc. 501.) Moreover, the Third Circuit held that a "seizure alone does not initiate a forfeiture proceeding because it does not implicate a transfer of legal title." *Langbord*, 832 F.3d at 183. The court agrees with the Third Circuit and finds that the government's seizure of the property in connection with the criminal action did not initiate a nonjudicial civil forfeiture proceeding.

Because Rowlette did not make a claim for property that was "seized in a nonjudicial civil forfeiture proceeding," the 90-day time period under CAFRA is inapplicable to the personal property at issue. *See id.*; *see also 1866.75 Bd. Feet & 11 Doors & Casings*, 587 F. Supp. 2d at 751 ("18 U.S.C. § 983(a)(1) and (3) …refer explicitly to administrative forfeitures.")

Moreover, Plaintiff's filing of the amended complaint was proper as Claimant had not yet filed an answer and Plaintiff was entitled under Rule 15(a) to amend its pleadings once as a matter of course.

### III.    Conclusion

Claimant Stephen Rowlette's motion to dismiss and for return of property as to Defendants 2 through 8 (Doc. 39) is DENIED.

IT IS SO ORDERED this 6th day of August, 2018.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE