IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-1116-JWB-KGG |
| | ) | |
| DEFENDANT NO. 1: | ) | |
| REAL PROPERTY KNOWN AS 6544 | ) | |
| SNI-A-BAR-ROAD, KANSAS CITY, | ) | |
| MISSOURI; | ) | |
| | ) | |
| DEFENDANT NO. 2: | ) | |
| 2002 HONDA VTX1800C2 | ) | |
| VIN: 1HFSC46002A00760; | ) | |
| | ) | |
| DEFENDANT NO. 3: | ) | |
| 2004 SUZUKI GSX/1300 RK4 HAYABUSA | ) | |
| VIN: JS1GW71A642102727; | ) | |
| | ) | |
| DEFENDANT NO. 4: | ) | |
| 2005 SUZUKI GSX/1300 RK5 HAYABUSA | ) | |
| VIN: VIN JS1GW71A452110620; | ) | |
| | ) | |
| DEFENDANT NO. 5: | ) | |
| 2007 INFINITI G35-V6 | ) | |
| VIN: JNK8V61E07M726126; | ) | |
| | ) | |
| DEFENDANT NO. 6: | ) | |
| 2006 JEEP GRAND CHEROKEE | ) | |
| VIN: 1J8HR78326C256995; | ) | |
| | ) | |
| DEFENDANT NO. 7: | ) | |
| 2006 DODGE VIPER; | ) | |
| VIN: 1B3JZ69Z46V100291; | ) | |
| | ) | |
| DEFENDANT NO. 8: | ) | |
| APPROXIMATELY $29,900 IN | ) | |
| UNITED STATES CURRENCY, | ) | |
| | ) | |
| Defendants, | ) | |
| and | ) | |

|                     |            | )   |
|---------------------|------------|-----|
| STEPHEN ROWLETTE,   |            | )   |
|                     |            | )   |
|                     | Claimant.  | )   |
|                     |            | )   |

**MEMORANDUM AND ORDER**

This case comes before the court on the government's motion for an interlocutory sale for defendants 1 through 7 pursuant to the Supplemental Rules to the Federal Rule of Civil Procedure for Certain Admiralty and Maritime Claims Rule G(7)(b)(i). (Doc. 53.) The motion has been fully briefed. (Docs. 64, 66.) The court held a hearing on this matter on February 19, 2019. The government's motion is GRANTED for the reasons stated herein.

I. **Facts and Procedural History**

This forfeiture action was initiated on April 28, 2016. The original complaint listed a single Defendant, 6544 Sni_A-Bar Road in Kansas City, Missouri ("Defendant 1"). An affidavit by Special Agent John Seubert setting forth the facts relevant to Defendant 1 was attached to the complaint. Seubert stated that Stephen Rowlette was being detained in CCA-Leavenworth for charges involving conspiracy to distribute methamphetamine. Pursuant to a plea agreement, Rowlette agreed not to contest a money judgment in the amount of $7,090,500. The pre-sentence report indicated that Rowlette purchased Defendant 1 but later transferred the property by warranty deed to Sarah Stanfield, Alicia Tackett's mother. Tackett is Rowlette's wife. Rowlette is now serving a 360-month sentence. The complaint alleges that Defendant 1 is subject to forfeiture as it is property involved in a transaction in violation of 18 U.S.C. § 1957 and also constitutes proceeds traceable to violations of 21 U.S.C. §§ 841 and 846. (Doc. 1.)

Rowlette filed a claim asserting an interest in Defendant 1 and the vehicles that were later added to an amended complaint. (Doc. 6.) Stanfield and Tackett were both served with the Notice of Forfeiture. (Doc. 11, 12.) They did not file a claim. A clerk's entry of partial default was entered against all parties, except for Rowlette, with respect to Defendant 1. (Doc. 15.)

On September 12, 2017, an amended complaint was filed. Defendant 1 remained listed as Defendant 1 and Defendants 2 through 7 were added. Defendants 2 through 7 are vehicles that were allegedly purchased by Rowlette but the record owners are either Rick Williams or David Bishop. (Doc. 19 at 10.) Both Williams and Bishop were served with a Notice of Forfeiture action. (Docs. 47, 50.) Neither has filed a claim. The amended complaint alleges that Defendants 2 through 7 are subject to forfeiture as they constitute property involved in a transaction in violation of 18 U.S.C. § 1957 and also constitute proceeds traceable to violations of 21 U.S.C. §§ 841 and 846. (Doc. 19 at 4.)

On December 31, 2018, the government moved for interlocutory sale of Defendants 1 through 7. (Doc. 53.) No memorandum in opposition was filed even though Rowlette's attorney was served with the motion. Defendant 1 is subject to property taxes in Jackson County, Missouri. The property taxes have not been paid in over three years. Defendants 2 through 7 are being stored by the government. The storage costs accrue at the monthly rate of $739.20. The total costs to store the vehicles since the amended complaint was filed equals $11,061.21. (Doc. 66 at 3.) The value of Defendants 2 through 7, using both the highest and lowest National Automobile Dealers Association (NADA) values, is approximately $73,630 to $110,008. (Doc. 66 at 2-3.)

On February 19, 2019, the court held a hearing on the government's motion. At the hearing, Rowlette's counsel appeared and objected to the sale. Rowlette's attorney proffered that

the recorded documents, including the deed, for Defendant 1 may have been forged. Rowlette's attorney also proffered that Stanfield was allegedly threatened with jail time by a government attorney during the criminal investigation, which was allegedly the reason why Stanfield denied involvement in the transfer of the property. The government objected to Rowlette's position, noting that Rowlette had not filed an objection to the sale and Rowlette was not the record owner of any property.

The court took the matter under advisement and instructed Rowlette's attorney to file a response brief. The court also required Rowlette's attorney to include affidavits or other evidence regarding her position taken at the hearing if Rowlette wanted to continue to argue that there was any impropriety on behalf of the government. Rowlette did file a timely brief. In the brief, Rowlette succinctly argued that the tax lien is not sufficient to force a sale on Defendant 1 and that the government failed to provide estimated values for Defendants 2 through 7. (Doc. 64.) Rowlette did not include any arguments regarding improper government conduct or attach any affidavits to his brief. In response, the government introduced evidence of the values for Defendants 2 through 7 and attached the outstanding property tax bills for Defendant 1. (Doc. 66.)

**II.     Analysis**

Pursuant to Rule G(7)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, upon motion by a party, the court may order all or part of the property sold if (A) the property is perishable or at risk of deterioration; (B) the expense of keeping the property is excessive or is disproportionate to its fair market value; (C) the property is subject to taxes on which the owner is in default; or (D) the court finds other good cause. *United States v. Gray*, No. CR-16-123-R, 2017 WL 2544136, at *5 (W.D. Okla. June 12, 2017) (quoting Fed. R.

Civ. P. Supp. G(7)(b)(i)(A)-(D)).

With respect to Defendant 1, there is no dispute that the property taxes are outstanding. Moreover, while Rowlette objects to the sale of Defendant 1 on the basis that his wife plans to live there upon her release from prison in the fall, Rowlette's argument is simply that the government should not be concerned that Jackson County will foreclose on its tax lien because it is a priority lien holder. The rule does not require a finding that foreclosure is imminent. The taxes have been unpaid for more than three years, which is significant, and fees and interest continue to accrue. Moreover, Rowlette has not indicated that he or his wife or the property owner intend to pay the outstanding tax liability. The court finds that the government's motion should be granted and will permit the sale of Defendant 1.

With respect to Defendants 2 through 7, Rowlette's position is that the costs of storage are not disproportionate to the value of the property. Rowlette offers no argument as to why storing the property at an accumulating cost of more than $700 per month is not disproportionate to the property's value or excessive. The storage costs have already amounted to 10 to 15% of the value of the property and will continue to increase. Currently, no trial date is set in this matter although a dispositive motion deadline is set for June 2019. Also, vehicles normally depreciate in value. Moreover, although the complaint indicates that Rowlette purchased the property at some point in time, he is not the record owner of the property.[1] The record property owners have not objected to the sale. The court finds that the government has shown that the storage costs are excessive and the property should be sold.

---

[1] The court will not address standing at this time as the government does not raise standing in response to Rowlette's position. The government has indicated that it intends to file a motion to dismiss on the basis that Rowlette lacks standing in this matter. The court will address standing at the appropriate time.

### III. Conclusion

The government's motion for interlocutory sale is GRANTED. (Doc. 53.) Defendants 1 through 7 shall be sold in an interlocutory sale. The sale shall be conducted by the United States Department of the Treasury or its designee pursuant to the procedures and regulations of said agency. The net sale proceeds (those proceeds remaining after costs of sale, storage costs, and other related expenses have been deducted) shall be deposited in the Department of the Treasury's Seized Asset Deposit Fund until further order of the Court. The net sale proceeds for each Defendant shall be substituted for that Defendant and become the substitute res in this action.

SO ORDERED this 19th day of March, 2019.

                                                        ___s/ John W. Broomes_____
                                                        JOHN W. BROOMES
                                                        UNITED STATES DISTRICT JUDGE