IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.      Case No. 16-1116-JWB

6544 SNI-A-BAR ROAD, et al.,

    Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on claimant's motion for attorney's fees. (Doc. 115.) The motion has been briefed and the court held a hearing on March 18, 2022. (Doc. 125.) The motion is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

**I.  Facts and Procedural History**

On April 28, 2016, the United States filed a civil forfeiture action against real property known as 6544 Sni-a-Bar Road, Kansas City, Missouri. (Doc. 1.) The complaint was later amended to add several vehicles and approximately $29,900 in United States currency. According to the amended complaint, the properties were subject to forfeiture because they were used or intended to be used to facilitate violations of 21 U.S.C. §§ 841 and 846. (Doc. 19.) The investigation pertaining to the properties involved Claimant Stephen Rowlette, who was confined at USP Leavenworth, his wife Alicia Tackett, and others. Rowlette was previously charged in December 2013 with several crimes, including conspiracy to distribute and possession with intent to distribute more than 50 grams of methamphetamine in violation of 21 U.S.C. §§ 841 and 846. *See United States v. Rowlette*, No. 13-20125-13 (D. Kan.). Defendant pleaded guilty to the conspiracy charge and was sentenced to 360 months in July 2016. (*Id.* at Doc. 482.)

1

Rowlette filed a claim in this action and moved for appointment of counsel under 18 U.S.C. § 983(b)(1)(A) and/or (b)(2)(A). (Docs. 6, 16.) Section 983(b)(1)(A) allows the court to appoint counsel when an individual with standing to contest the forfeiture is financially unable to obtain counsel and the person is represented by appointed counsel in connection with a criminal case. Section 983(b)(2)(A) provides that counsel is to be provided when a person with standing is unable to afford counsel and the property subject to forfeiture is real property that is being used by the person as a primary residence. Magistrate Judge Gale held that Rowlette qualified for appointment of counsel under both sections, after assuming for the purposes of the motion that the property at issue did qualify as Rowlette's primary residence. Kansas Legal Services, specifically Rachelle Lynn, was appointed to represent Rowlette. (Doc. 18 at 4.)

Ms. Lynn entered her appearance in this action. She then sought three extensions of time to file a response to the amended complaint. (Docs. 21, 23, 25.) Ms. Lynn filed a motion to dismiss on behalf of Rowlette and the court denied the motion. (Doc. 42.) The government then moved to stay the deadlines after determining that another individual may make claims against the property. (Doc. 43.) That motion was granted. (Doc. 44.) In late 2018, the government moved to sell the defendant properties based on the cost of storage of the vehicles and, with respect to the real property, the risk of foreclosure of the real property due to unpaid real estate taxes. (Doc. 53.) A hearing was held on February 19, 2019. (Doc. 62.) After the hearing, Ms. Lynn filed a short response to the motion on Rowlette's behalf (Doc. 64) to address issues raised in the hearing. The court then granted the motion. (Doc. 67.)

On May 16, 2019, Rowlette filed a notice of interlocutory appeal as to this court's order granting the sale of the defendant properties. (Doc. 76.) The appeal was then dismissed after the parties agreed to dismiss the real property from the action. (Docs. 88, 89.) A pretrial order was

entered in this case on June 3, 2020. (Doc. 97.) Robert Moody then entered the case on behalf of Rowlette. (Doc. 106.) This matter was set for trial, but the parties later notified the court that they had come to a resolution and trial was unnecessary. Pursuant to the settlement agreement, the government moved for a final order of forfeiture. (Doc. 127.) According to the settlement agreement, the parties anticipated that the court would award costs and expenses allowed under § 983(b). (Doc. 127-1 at 4.) The funds owed under the agreement have been fully paid to Rowlette.

Rowlette's prior counsel, Rachelle Lynn, filed a motion for attorney's fees and costs. (Doc. 115.)[1] Ms. Lynn seeks $27,078.80 in attorney's fees, $2,837.54 in travel expenses, and $1,413.25 in other expenses. (Doc. 115-1.) The government opposed the motion on the basis that it was not supported by Ms. Lynn's records and that the case was subject to a cap on compensation. (Doc. 125.) The court notes that Ms. Lynn provided the court's financial officer with her billing records and other receipts but she did not file those documents on the court's docketing system. Ms. Lynn did not file a reply in response to the government's arguments. Mr. Moody notified the court that he was not seeking attorney's fees for his representation in this matter.

The court held a hearing on March 18, 2022. During the hearing, the government stated that it waived its objections to the travel expenses and other expenses incurred by Rowlette's attorney. The government also waived any objection to fees up to $12,100, the current maximum compensation allowed.

**II.     Analysis**

In this case, counsel was appointed under § 983(b)(1)(A) and/or § 983(b)(2)(B). Under § 983(b)(3), compensation under subsection (b) is equivalent to that provided for court-appointed representation under the Criminal Just Act (CJA), 18 U.S.C. § 3006A. For appointments under

---

[1] An initial motion for attorney's fees was filed at Doc. 111. That motion was amended by Doc. 115. Therefore, the motion at Doc. 111 is moot.

983(b)(2)(B), the court is to enter a judgment in favor of the Legal Service Corporation for reasonable fees and costs. § 983(b)(2)(B)(ii). The judgment will be treated as a judgment payable under 28 U.S.C. § 2465 regardless of the outcome. *Id.* Here, the government does not dispute that reasonable fees and expenses are available and Ms. Lynn does not dispute that payment of fees is in accordance with the CJA.

The CJA authorizes compensation for time "reasonably expended" and expenses "reasonably incurred." 18 U.S.C. § 3006A(d)(1). Reasonableness in the context of hours billed requires consideration of whether the hours were necessary under the circumstances. *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). "The party seeking attorney fees bears the burden of proving that its request is reasonable and must 'submit evidence supporting the hours worked.'" *Sieber v. Berryhill*, No. 17-2630, 2018 WL 3389888 at *2 (D. Kan. July 12, 2018) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983)).

The court first turns to the request for travel expenses and other expenses. The travel expenses include mileage, hotel, and meals. The other expenses include the filing fee for the appeal, and fees for transcripts and other records. At the hearing, the government waived its previous objection to these expenses. The court has reviewed the expenses and the documentation provided to the court's financial officer. Although the court has concerns regarding the request for attorney's fees for the total travel time, as discussed herein, the court finds the travel expenses and other expenses were reasonably incurred. Therefore, the court grants the motion with respect to these expenses.

Next, Ms. Lynn seeks a total of $27,078.80 in attorney's fees for her representation from August 2017 to October 2020. Reviewing the records submitted to chambers, the court finds that the total hours billed is not reasonable in this case. Further, pursuant to the Guide to Judiciary

Policy, attorney's fees in proceedings under § 983 are limited to $12,100 for any work performed on or after January 1, 2021. *See* CJA Guidelines, Chpt. 2, § 230.23.20, Current Attorney Case Compensation Maximums. Although there is a procedure to request compensation in excess of the maximum, that procedure was not utilized in this case. Therefore, the court finds that the maximum case compensation applies here.

Reviewing the billing record, Ms. Lynn billed 71.2 hours for time spent researching and writing briefs during the pendency of this case. A review of the docket shows that Ms. Lynn filed a motion to dismiss, a response to the government's motion for interlocutory sale, and motions for extensions of time. Based on a review of the records and the substance of the briefing, the court finds that 31.4 hours were reasonable and will disallow the remaining hours billed for research and writing. Ms. Lynn also billed 72 hours for travel time. With respect to this time, approximately 55 hours were billed for three visits to FCI Pekin to meet with Rowlette, which includes one visit for a deposition and the remaining two visits for client meetings. The court finds that the total time billed for travel was not reasonable in this case. Reviewing the visits, each trip to FCI Pekin resulted in Ms. Lynn billing 18 to 19 hours of travel time. Ms. Lynn does not provide an explanation as to why she drove to FCI Pekin instead of flying which would have reduced her total travel time. As discussed herein, the court has allowed $2,847 in travel expenses of which $2,640 comprised Ms. Lynn's mileage expenses. Based on the mileage expenses that have been allowed, the court finds that the additional hours for attorney time to drive to FCI Pekin is unreasonable. The remaining 17 hours billed for travel time include her trips to Kansas City for interviews and depositions. The court finds that 17 hours of travel time is reasonable in this case given the amount of travel expenses authorized herein. The remaining hours billed are disallowed.

Ms. Lynn also billed 8.8 hours for obtaining and reviewing records, 24.70 hours for interviews and conferences, 13.2 hours for investigative work, and 1.8 hours for time spent in hearings. A review of her billing records shows that these time entries include meetings with her client and others, conferences with other attorneys, depositions, interviewing witnesses, emails, phone calls. The court finds that the time spent performing these activities was reasonable in this case.

In sum, the court finds that 96.9 hours were reasonably expended in this case. Given that the hourly rate for the years in which those hours were billed ranges from $132 to $152, the court is unable to award fees for the entire amount of hours due to the attorney case compensation maximum. Therefore, the attorney fee award will be reduced to $12,100.

**IV.   Conclusion**

Rowlette's motion for attorney fees (Doc. 115) is GRANTED IN PART AND DENIED IN PART. The United States is ordered to pay Kansas Legal Services a total of $13,513.25, which includes $12,100 in attorney's fees and $1,413.25 in other expenses. The United States is ordered to pay Rachelle Lynn $2,837.54 as reimbursement for her reasonably incurred travel expenses. IT IS SO ORDERED. Dated this 23rd day of March, 2022.

　　　　　　　　　　　　　　　　　　　　__s/ John W. Broomes_____
　　　　　　　　　　　　　　　　　　　　JOHN W. BROOMES
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE